**I**N THE **U**NITED **S**TATES **D**ISTRICT **C**OURT
**FOR THE **E**ASTERN **D**ISTRICT OF **P**ENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civ. A. No. 22-5209-GJP |
| AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; and INTEGRATED COMMERCIALIZATION SOLUTIONS, LLC, | |
| Defendants. | |

**R**EPORT OF **R**ULE **26(F) C**ONFERENCE AND **P**ROPOSED **D**ISCOVERY **P**LAN

**Basis of Jurisdiction**: 28 U.S.C. §§ 1331, 1345, and 1355(a), and 21 U.S.C. §§ 842(c)(1) and 843(f)(2).

**Jury Trial**: <u>X</u>          **Non-Jury Trial**: _____          **Arbitration**: _____

The issue of Defendants' liability will be tried to a jury. If liability is found, the amount of any civil penalty in this case would be determined by the Court, rather than the jury. *See Tull v. United States*, 481 U.S. 412 (1987); *United States v. Heim*, 2014 WL 245357, at *5 (N.D. Ohio 2014).

**Plaintiff's counsel participating in the Rule 16 Conference**:

Landon Jones (U.S. Attorney's Office, E.D. Pa.);

Amy DeLine, Deborah Sohn, Rowan Reid, and Coleen Schoch (U.S. Department of Justice, Civil Division, Consumer Protection Branch);

Jordann Conaboy and Robert Toll (U.S. Attorney's Office, D.N.J.);

Elliot Schachner and Diane Leonardo (U.S. Attorney's Office, E.D.N.Y.);

Amanda Rocque and David Moskowitz (U.S. Attorney's Office, D. Colo.)

**Defendants' counsel participating in the Rule 16 Conference**:

Robert Nicholas, Joseph Mahady, Anne Bohnet, Thomas Suddath, and Abigail Pierce (Reed Smith LLP)

Meredith Auten (Morgan Lewis LLP)

**Do counsel have full authority to settle at Rule 16 Conference**? **If not, client with such authority who will attend conference**:

The AUSAs and Trial Attorneys attending the Rule 16 Conference on behalf of the United States will be prepared to discuss the processes for settlement, but do not have full authority to settle the case at the Rule 16 Conference. Department of Justice regulations govern the requisite authority to accept offers in compromise for the claims set forth in the complaint. *See, e.g.*, 28 C.F.R. § 0.160 *et seq*. For claims such as these, the authority of the Associate Attorney General or Deputy Attorney General is required, and individuals with appropriate authority will be involved if the parties enter into settlement discussions.

The Trial Attorneys attending the Rule 16 Conference on behalf of Defendants will also be prepared to discuss the processes for settlement discussions.  Defendants will also have available by telephone client representatives to assist in those discussions.

**When did the parties hold the Rule 26 Conference?**

The parties' counsel held their Rule 26 conference on January 3, 2024 and January 8, 2024, and counsel also met and conferred regarding the case and discovery previously on May 18, May 24, and June 7, 2023.

**When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?**

The parties exchanged initial disclosures on September 26, 2023.

**Does either side expect to file a case-dispositive motion?**

> **If yes, under what Rule**

> **If yes, specify the issue**

> **Proposed deadline for filing dispositive motions**

The parties have not yet determined whether they would file case-dispositive motions. As set forth in the parties' proposed case schedule below, the parties propose that any case-dispositive motions should be due by December 18, 2026.

**Does either side anticipate the use of experts?**

> **If yes, what is the proposed deadline for expert discovery?**

Yes, both parties anticipate using experts and propose September 18, 2026 as the deadline for completing expert discovery.

**Approximate date case should be trial-ready**: July 19, 2027

> **Time for Plaintiff's case**: 4 weeks

> **Time for Defendant's case**: 4 weeks

**Is a settlement conference likely to be helpful?**

**If so, when**:

> **Early**:  **After Discovery**:

The parties will continue to confer on when a settlement conference before a Magistrate Judge or another mutually agreed-upon mediator would be helpful.

**Do the parties wish to proceed before a Magistrate Judge for final disposition?** No.

## Plan for Discovery

1. The parties anticipate that fact discovery should be completed within **approximately 24 months** of the Rule 16 Conference, and expert discovery should be completed within approximately **eight months** following the completion of fact discovery.

   > As set forth further in the parties' proposed case schedule, below, the parties propose fact and expert discovery deadlines of January 9, 2026 and September 18, 2026, respectively, with interim deadlines for specific aspects of both fact and expert discovery.

   > The parties will conduct discovery on the subjects related to the allegations in the Complaint, Defendants' defenses and affirmative defenses, and the factors relevant to the amount of civil penalties and the scope of injunctive relief. *See Advance Pharm., Inc. v. United States*, 391 F.3d 377, 399–400 (2d Cir. 2004). The parties do not anticipate a need for phased discovery, beyond the proposal to stagger fact and expert discovery.

   > The parties have exchanged initial requests for the production of documents and interrogatories, served responses and objections to those requests and interrogatories, and begun the meet-and-confer process to resolve or narrow areas of disagreement.  In light of the complexity of this case, which involves allegations of nationwide conduct and hundreds of thousands of controlled-substances orders, extensive discovery will be required of Plaintiff, Defendants, and Third Parties.  The parties anticipate needing an extended timeframe to complete discovery, as proposed herein.

2.  What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to?

    The parties incorporate their response regarding a settlement conference, above, and the below proposed discovery schedule.

3.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

    The parties have discussed issues relating to claims of privilege or of protection as trial-preparation material, and expect to submit to the Court a stipulated protective order implementing Federal Rule of Evidence 502(d) regarding non-waiver of applicable privileges stemming from the inadvertent production of documents in this litigation and setting forth an agreed procedure for handling any privilege disputes. The parties expect to reach an agreement regarding the format and timing for logging documents withheld or redacted on grounds of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5). The parties additionally agree to discuss any privilege-related issues that may arise in good faith and will first attempt to resolve disputes before seeking the Court's assistance.

4.  Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

    **<u>Changes to Discovery Limitations Imposed by the Federal Rules of Civil Procedure</u>**. The parties anticipate that they will need more than ten fact-witness depositions and more than 25 interrogatories per side. The parties agree to propound up to 35 interrogatories per side (excluding third-party discovery) and agree to take up to 35 fact-witness depositions per side (excluding third-party discovery).[1] The parties will meet and confer in good faith regarding any further proposed extensions to discovery limitations and resolve such matters by stipulation or by filing an appropriate motion with the Court. To the extent the parties are unable to agree to reasonable additional extensions, the party seeking such additional discovery shall proceed as directed by the Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's Policies and Procedures.

---

[1]     The parties agree that the proposed limit on the number of fact-witness depositions would not apply to corporate depositions taken pursuant to Rule 30(b)(6). The parties are conferring separately regarding reasonable limitations regarding the number and allotted time for corporate depositions, and will attempt to resolve any disputes that may arise before seeking the Court's assistance.

Further, the parties reserve the right to take the deposition of any party witness listed on an opposing party's witness list for trial, if that witness was not previously deposed during the period for fact discovery. The parties agree to make any such witness reasonably available for deposition, and agree that any such pretrial depositions may occur at any mutually agreeable time prior to trial and regardless of whether doing so would exceed the proposed 35 deposition limit.

**Protective Order**. Given the proprietary, confidential, and/or sensitive nature of discovery that will be exchanged (including information that could impact law enforcement and trade secret concerns), the parties intend to present a stipulated protective order.

**Electronically-Stored Information ("ESI")**. The parties agree there will be a significant volume of ESI produced in this action and have taken steps to preserve relevant ESI. The parties are negotiating a proposed ESI protocol and order, which they will submit to the Court for entry as soon as reasonably practicable.

**Proposed Case Schedule**. The parties propose that the Court enter an order setting forth the following discovery and pretrial schedule:

| Description | Deadline |
|---|---|
| Deadline for serving requests for production (other than requests seeking discovery on subjects that become known for the first time after the deadline, such as through deposition testimony) | November 1, 2024 |
| Deadline to substantially complete document productions (other than documents subject to motions to compel or supplementations required by Rule 26(e)) | July 25, 2025 |
| Deadline to raise disputes with the Court regarding requests for production | September 26, 2025 |
| Fact discovery cut-off | January 9, 2026 |
| Expert discovery cut-off | September 18, 2026 |

5. If you contend the discovery period to exceed 90 days, please state reason:

    Please see response to Question 1 above.

6. Do the parties anticipate the need to subpoena any third parties? If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.

    The parties anticipate that significant third-party fact discovery will be needed in this case and will occur within the time frame set for fact discovery.

Dated: January 9, 2024                                    Respectfully submitted,


**FOR THE UNITED STATES OF AMERICA:**          **FOR DEFENDANTS:**

BRIAN M. BOYNTON                                         */s Robert A. Nicholas*
Principal Deputy Assistant Attorney                      Robert A. Nicholas
General, Civil Division                                  Joseph J. Mahady
                                                         Thomas H. Suddath, Jr.
ARUN G. RAO                                              Anne Rollins Bohnet
Deputy Assistant Attorney General                        Abigail M. Pierce
Consumer Protection Branch                               REED SMITH LLP
                                                         1717 Arch Street, Suite 3100
AMANDA N. LISKAMM                                        Philadelphia, PA 19103
Director                                                 rnicholas@reedsmith.com
                                                         jmahady@reedsmith.com
ANTHONY NARDOZZI                                         tsuddath@reedsmith.com
Assistant Director                                       abohnet@reedsmith.com
                                                         abigail.pierce@reedsmith.com
*/s Amy L. DeLine*                                       215-851-8100
MICHAEL J. WADDEN
AMY L. DELINE                                            Meredith S. Auten
DEBORAH S. SOHN                                          MORGAN, LEWIS & BOCKIUS LLP
ROWAN L. REID                                            1701 Market Street
COLEEN SCHOCH                                            Philadelphia, PA 19103
Trial Attorneys                                          215-963-5000
U.S. Department of Justice                               meredith.auten@morganlewis.com
Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
michael.j.wadden@usdoj.gov
amy.l.deline@usdoj.gov
deborah.s.sohn@usdoj.gov
rowan.l.reid@usdoj.gov
coleen.schoch@usdoj.gov
202-305-7133

PHILIP R. SELLINGER
United States Attorney for the
District of New Jersey

JORDANN R. CONABOY
ROBERT L. TOLL
Special Attorneys to the Attorney General
970 Broad Street, 7th Floor

Newark, NJ 07102
jordann.conaboy@usdoj.gov
robert.toll@usdoj.gov
973-645-3883

JACQUELINE C. ROMERO
United States Attorney for the
Eastern District of Pennsylvania

ANTHONY D. SCICCHITANO
LANDON Y. JONES III
Assistant U.S. Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
anthony.scicchitano@usdoj.gov
landon.jones@usdoj.gov
215-861-8200

COLE FINEGAN
United States Attorney for the
District of Colorado

AMANDA A. ROCQUE
DAVID MOSKOWITZ
Special Attorneys to the Attorney General
1801 California Street, Suite 1600
Denver, CO 80202
amanda.rocque@usdoj.gov
david.moskowitz@usdoj.gov
303-454-0100

BREON PEACE
United States Attorney for the
Eastern District of New York

ELLIOT M. SCHACHNER
DIANE C. LEONARDO
Special Attorneys to the Attorney General
271 Cadman Plaza East
Brooklyn, NY 11201
elliot.schachner@usdoj.gov
diane.beckmann@usdoj.gov
718-254-7000