**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 22-5209 |
| AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; and INTEGRATED COMMERCIALIZATION SOLUTIONS, LLC, | ) ) ) ) | |
| Defendants. | | |

## [PROPOSED] PROTECTIVE ORDER

### I.   Scope of Order

1.     Disclosure and discovery activity in the above-captioned action (this "Litigation") will involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the Parties[1] hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). Unless otherwise noted, this Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days.

2.     This Protective Order shall govern all information produced or disclosed by a Producing Party (defined in Paragraph 9) to a Receiving Party (defined in Paragraph 11) during the United States' Investigation ("Investigation", defined in Paragraph 12) preceding the filing of

---

[1] The Parties to this litigation are Plaintiff the United States of America and Defendants AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, and Integrated Commercialization Solutions, LLC (together, "Defendants").

the above-captioned complaint ("Investigation Material", defined in Paragraph 13) or in the course of discovery ("Discovery Material", defined in Paragraph 14) in this Litigation. This includes all information produced or disclosed by a Producing Party to a Receiving Party in the course of the Investigation or discovery, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other sworn or unsworn testimony, interview/proffer, discovery response, presentation/meeting, or otherwise. This Protective Order is binding on the Parties to this Litigation and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, and others as set forth in this Protective Order.

3.      The entry of this Protective Order does not preclude any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.      This Protective Order does not confer blanket protection on all disclosures or responses to discovery, and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential.

6.      With respect to Investigation Material produced by Defendants to the United States during the Investigation, the Parties agree that Defendants are entitled to designate such materials consistent with the terms of this Order so as to ensure that such materials are appropriately protected during the course of this Litigation. The Parties will meet and confer regarding the timing and mechanism for providing the United States with such designations and redactions.

7.      By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose information designated by another Party as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" shall promptly notify that Designating Party of the motion so that the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed. *See* Section XII, *infra*, for processes regarding requested designated materials in other matters.

## II.      Definitions

8.      <u>Party</u>. "Party" means any of the parties in this Litigation at the time this Protective Order is entered. If additional parties are added to this Litigation, their ability to receive materials designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" as set forth in this Protective Order will be subject to their being bound, by agreement or Court Order, to this Protective Order.

9.      <u>Producing Party</u>. "Producing Party" means any Party subject to this Protective Order that produces or otherwise makes available Investigation or Discovery Material to a Receiving Party. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

10.      <u>Designating Party</u>. "Designating Party" means any Party subject to this Protective Order that has designated Investigation or Discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" in accordance with this Protective Order.

11.      <u>Receiving Party</u>. "Receiving Party" means any Party subject to this Protective Order that receives Investigation or Discovery Material from a Producing Party. To the extent permitted by this Order, third parties may avail themselves of, and agree to be bound by, the terms

and conditions of this Protective Order and thereby become a Receiving Party for purposes of this Protective Order.

12.     Investigation. "Investigation" means the United States' civil investigation that began in 2017 and preceded the filing of the United States' Complaint in this matter.

13.     Investigation Material. "Investigation Material" means any information, document, or tangible thing, hard copy or electronic, produced by a Producing Party to the United States during the United States' Investigation, including, without limitation, information provided during interviews/proffers, presentations, meetings, or testimony.

14.     Discovery Material. "Discovery Material" means any information, document, or tangible thing, hard copy or electronic, produced by a Producing Party during discovery in this Litigation, including responses to discovery requests, deposition testimony or transcripts, expert testimony and reports, and any other similar materials, or portions thereof.

15.     Competitor. "Competitor" means any company or individual, other than the Producing Party, engaged in the design; development; manufacture; regulatory review process; dispensing; marketing; distribution; creation, prosecution, pursuit, or other development of an interest in protecting intellectual property; and/or licensing of any product or services involving any controlled substance(s).

16.     Confidential Information. "Confidential Information" is defined herein as information that the Designating Party in good faith believes would be entitled to protection on a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) on the basis that it constitutes, reflects, discloses, or contains information protected from disclosure by statute, regulation, or law, or that should be protected from disclosure as confidential, including personally identifiable information, medical or psychiatric information to the extent it does not constitute Protected Health

Information (which shall be Highly Confidential Information as set forth in Paragraph 17 and Section III), names of law enforcement employees and personnel, information protected by the Privacy Act of 1974 (5 U.S.C. § 552a), personnel records, law enforcement materials, (including, for instance, investigative files, overdose records, records relating to naloxone or Narcan, coroner's records, court records, and prosecution files), internal government deliberative process documents that have been maintained as confidential, research, technical, commercial or financial information that the Designating Party has maintained as confidential, or such other proprietary or sensitive business and commercial information that is not publicly available. Public records and other information or documents that are publicly available (unless disclosed publicly without consent of the Producing Party) may not be designated as Confidential Information. In designating materials as Confidential Information, the Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents produced in the Litigation as Confidential.[2]

  17. <u>Highly Confidential Information</u>. "Highly Confidential Information" is defined herein as: (1) information that, if disclosed to, disseminated to, or used by a Competitor of any Party or any other person not enumerated in Paragraph 41(a)–(j), could reasonably result in possible antitrust violations; commercial, financial, or business harm, including harm to non-parties; or may interfere with the law enforcement responsibilities of the United States; and (2) Protected Health Information, as described in Section III. In designating materials as Highly Confidential Information, the Designating Party shall do so in good faith consistent with the

---

[2] The Parties agree that any documents produced in the Investigation will maintain the confidentiality designations stamped during the Investigation.  To the extent a Party challenges a confidentiality designation for specific documents produced in the Investigation, the Party will provide a list of specific Bates-labels of those documents and the Parties will meet and confer about the designations for those specific documents.

provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents produced in the Litigation as Confidential.[3]

18.   <u>Protected Material</u>. "Protected Material" means any Investigation or Discovery Material, and any copies, abstracts, summaries, or information derived from such Investigation or Discovery Material, and any notes or other records regarding the contents of such Investigation or Discovery Material, that contains or constitutes Confidential Information, Highly Confidential Information, or Protected Health Information and that is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" in accordance with this Protective Order.

19.   <u>Outside Counsel</u>. "Outside Counsel" means any law firm or attorney who represents Defendants for purposes of this Litigation.

20.   <u>In-House Counsel</u>. "In-House Counsel" means attorney employees of Defendants who are working on or contributing to this Litigation.

21.   <u>United States Counsel</u>. "United States Counsel" means attorneys for the United States Government, Department of Justice and the Drug Enforcement Administration who are working on or contributing to this Litigation.

22.   <u>Counsel</u>. "Counsel," without another qualifier, means Outside Counsel, In- House Counsel, and United States Counsel.

23.   <u>Expert</u>. "Expert" means an expert and/or consultant formally retained and/or employed to advise or to assist Counsel in the preparation and/or trial of this Litigation, and their staff to whom it is reasonably necessary to disclose material that is designated as "Confidential,"

---

[3] The Parties agree that any documents produced in the Investigation will maintain the confidentiality designations stamped during the Investigation. To the extent a Party challenges a confidentiality designation for specific documents produced in the Investigation, the Party will provide a list of specific Bates-labels of those documents and the Parties will meet and confer about the designations for those specific documents.

"Highly Confidential," or "Highly Confidential – Protected Health Information" for the purpose of this Litigation.

24.     <u>Litigation</u>. "Litigation" means this proceeding, captioned as *United States of America v. AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, and Integrated Commercialization Solutions, LLC*, Civ. A. No. 22-5209 (E.D. Pa.).

### III.     HIPAA-Protected Information

25.     Discovery in this Litigation may involve production of "Protected Health Information" as that term is defined and set forth in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, for which special protection from public disclosure is warranted.

26.     Protected Health Information shall encompass information within the scope and definition set forth in 45 C.F.R. § 160.103 that is provided to the Parties by a covered entity as defined by 45 C.F.R. § 160.103 ("Covered Entities") or by a business associate of a Covered Entity as defined by 45 C.F.R. § 160.103 ("Business Associate") in the course of this Litigation or as obtained as part of a law enforcement investigation from such a Covered Entity, Business Associate, medical board, or health care provider or practitioner, as well as information covered by the privacy laws of any individual states, as applicable.

27.     Any Party that produces Protected Health Information in this Litigation shall make reasonable efforts to designate such material "Highly Confidential – Protected Health Information" as provided in Section IV, *infra*, and any Party that receives materials that they identify as including Protected Health Information shall treat such information as "Highly Confidential" regardless of whether it has been designated as such by the Producing Party. Information that is designated "Highly Confidential – Protected Health Information" shall be treated as Highly Confidential Information under the terms of this Order.

28.     Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated herein. Further, pursuant to 45 C.F.R. § 164.512(d)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to the Department of Justice in its capacity as a health oversight agency. Further, all entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated herein.

29.      In the absence of written permission from the Producing Party or an order of the Court, any information designated as "Highly Confidential – Protected Health Information" in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation or by the United States as described in Paragraph 43 or otherwise required by law, and its contents may only be disclosed to the persons in Paragraph 41(a)–(j) below. The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of these proceedings before it and the failure to make the disclosure would be contrary to public interest or to the detriment of one or more parties to the case.

30.     Nothing in this Order authorizes the Parties to obtain Protected Health Information for this Litigation through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

### IV.     Designation of Protected Material

31.     For each document produced by the Producing Party that contains or constitutes Confidential Information, Highly Confidential Information, or Protected Health Information, each page shall be marked "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information."

32.     To the extent that materials stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) are produced in such form and contain Confidential Information, Highly Confidential Information, or Protected Health Information, the Producing Party may designate such materials contained within that media by a designation on the media of "Confidential," "Highly Confidential," "Highly Confidential – Protected Health Information," or comparable notices. Whenever any Receiving Party reduces such material to hardcopy form, that Receiving Party shall mark the hardcopy form with the corresponding "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" designation.

33.     Specific discovery responses produced by the Producing Party that contain Confidential Information, Highly Confidential Information, or Protected Health Information shall, if appropriate, be designated by marking the pages of the document that contain such information with the notation "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information."

34.     Information disclosed through testimony at a deposition taken in connection with this Litigation that contains Confidential Information, Highly Confidential Information, or Protected Health Information may be designated in a letter to be served on the court reporter and opposing counsel within thirty (30) days of the Producing Party's receipt of the certified transcript

of any deposition. The court reporter will indicate the transcript or portions of the transcript designated by including the notation "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the thirty (30) day period as "Highly Confidential – Subject to Further Confidentiality Review." Such transcripts will be treated as Highly Confidential Information until the expiration of the thirty (30) day period. If the Producing Party does not serve a designation letter within the thirty (30) day period, then the entire transcript will be deemed not to contain Confidential Information, Highly Confidential Information, or Protected Health Information, and the "Highly Confidential – Subject to Further Confidentiality Review" legend shall be removed. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

35.     In accordance with this Protective Order, only the persons identified under Paragraphs 41–43, below, along with the witness and the witness's counsel may be present if any questions regarding Protected Material are asked. This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

36.     A Party in this Litigation may designate as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," any document, material, or other information produced by, or testimony given by, any other person or entity that the Designating Party reasonably believes qualifies as the Designating Party's Confidential Information, Highly Confidential Information, or Protected Health Information pursuant to this Protective Order. The Party claiming confidentiality shall designate the information as such within thirty (30) days of its

receipt of such information. Any Party receiving information from a third party shall treat such information as Highly Confidential during this thirty (30) day period while all Parties have an opportunity to review the information and determine whether it should be designated under the Protective Order. Any Party designating third-party information as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" shall have the same rights as a Producing Party under this Protective Order with respect to such information. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

37.     This Protective Order shall not be construed to protect from production any document, or to permit the "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," designation of any document, that (1) is properly in the public domain; or (2) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Litigation through trial or otherwise.

### V.     Redaction of Protected Information

38.     In order to protect against unauthorized disclosure of Confidential Information, Highly Confidential Information, and Protected Health Information, a Producing Party may redact certain such information from produced documents, materials, or other things, as set forth in this paragraph. The basis for any such redaction shall be stated in the redaction itself or the redaction field of the metadata produced, or in the event that such redaction text or metadata is not technologically feasible, a log of the redactions. Specifically, the Producing Party may redact:

(i)     <u>Personal Identifying Information</u>. The names, home addresses, personal email addresses, dates of birth, home or personal cellular telephone numbers, Social Security or tax identification numbers, financial account numbers, passport information, and other private information of (1) current and former employees of any Producing Party (other than employees'

names and business contact information), (2) individuals in clinical studies or adverse event reports whose identity is protected by law, (3) undercover law enforcement personnel, law enforcement sources of information and confidential informants, (4) patients whose medical information is in the possession of a Producing Party but does not constitute Protected Health Information, and (5) patient identified information that is protected by 42 C.F.R. §§ 2.12, 2.66 and associated regulations.

(ii)     Privileged Information. Information protected by statute or regulation from disclosure or subject to a claim of attorney-client privilege, attorney work product protection, common-interest privilege, executive privileges (including but not limited to law enforcement privilege), deliberative process, or any other privilege, immunity, or protection from production or disclosure ("Privileged Information").

39.     Protected Health Information. With respect to Discovery Material filed with or otherwise disclosed in court, the Parties may de-identify Protected Health Information using the means provided for in 45 C.F.R. § 160.103, including redacting individual identifiers (*e.g.*, the identifiers listed in § 164.514(b)(2)) or using a unique identifier with respect to individual patients so as to de-identify the patient's personal information. The fact of redacting or withholding does not create a presumption that the redaction or withholding is valid, and Receiving Parties can challenge redactions after providing notice and meeting and conferring with the Producing Party.

**VI.     Access to Protected Information**

40.     General. The Receiving Party and Counsel for the Receiving Party shall not disclose or permit the disclosure of any material designated "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" to any third person or entity except as set forth in Paragraphs 41–43.

41.     In the absence of written permission from the Producing Party or an order of the Court, any Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

   a.   Outside Counsel, United States Counsel, and the attorneys, paralegals, contractors, support staff, investigators, analysts, special agents, stenographic, and clerical staff, and any Department of Justice personnel employed by or working with such Counsel and working on this Litigation;

   b.   Contractors, vendors or service providers retained by a Party to assist a Party in this Litigation, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

   c.   Videographers, stenographic employees, and court reporters recording or transcribing testimony in this Litigation;

   d.   The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

   e.   Any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court; or

   f.   Experts and Consultants, as well as their support staff, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

g.   Any individual(s) who authored, prepared, or previously reviewed or received the information;

h.   Witnesses during deposition, who may be shown, but shall not be permitted to retain, the information;

i.   Witnesses who are preparing for deposition where the witness's Counsel reasonably believes disclosure is necessary to adequately prepare the witness for his or her deposition (including, but not limited to, individuals testifying as corporate witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure), who may be shown, but shall not be permitted to retain, the information;

j.   In-House Counsel, and the attorneys, paralegals, contractors, support staff, stenographic, and clerical staff working with such Counsel on this Litigation, provided such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

k.   Current officers, directors, and employees of Defendants with whom Defendants have a good faith basis to believe sharing is necessary for purposes of this Litigation, and provided such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

l.   Former officers, directors, and employees of Defendants, with whom Defendants have a good faith basis to believe sharing is necessary for purposes of this Litigation, and provided such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound.

42.     In the absence of written permission from the Producing Party or an order of the Court, any Highly Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents may only be disclosed to the persons in Paragraph 41(a)–(j) above.

43.     Disclosures to Agencies or Departments of the United States. Nothing in this Protective Order (including Paragraphs 41–42 and 54–55) shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this case, including those designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" under this Protective Order, that relates to a potential violation of law or regulation, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any information provided in this Litigation, including Confidential Information, Highly Confidential Information, or Protected Health Information by an agency or department in any lawfully permitted proceeding relating to a potential violation of law or regulation; provided, however, that the agency or department shall be advised of the terms of this Protective Order, shall complete the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, and maintain the confidentiality of that information in a manner consistent with the terms of this Protective Order.

**VII.    Confidentiality Acknowledgment**

44.     Formally Retained Experts and Consultants.  Each person required under this Order to complete the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, shall be provided with a copy of this Protective Order, which he or she shall read, and, upon reading this Protective Order, shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.

The party retaining the expert or consultant shall retain a copy of the signed Acknowledgment. These Acknowledgments are strictly confidential. Unless otherwise provided in this Order, Counsel for each Party shall maintain the Acknowledgments and shall have no obligation to notify or provide copies to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be pursuant to separate court order. Persons who come into contact with materials that are designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements, but must comply with the terms of this Protective Order.

### VIII.   Protection and Use of Protected Materials

45.    Persons receiving or having knowledge of information that is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" by virtue of their participation in this Litigation, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Protective Order, shall use that information only as permitted by this Protective Order. Counsel shall take reasonable steps to assure the security of any such information and will limit access to such material to those persons authorized by this Protective Order.

46.    Nothing herein shall restrict a person qualified to receive Confidential Information, Highly Confidential Information, and Protected Health Information pursuant to this Protective Order from making working copies, abstracts, digests and analyses of such information for use in connection with this Litigation or a potential violation of law or regulation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data

retrieval system used in connection with this Litigation, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order.

47.     All persons qualified to receive Confidential Information, Highly Confidential Information, and Protected Health Information pursuant to this Protective Order shall at all times keep all notes, abstractions, or other work product derived from or containing that information in a manner to protect it from disclosure not in accordance with this Protective Order, and shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) are returned or destroyed pursuant to Paragraphs 51–52. Nothing in this Protective Order requires the Receiving Party's Counsel to disclose work product at the conclusion of the case.

48.     Notwithstanding any other provisions hereof, nothing herein shall restrict any Party's Counsel from rendering advice to that Counsel's clients with respect to this proceeding and, in the course thereof, relying upon such information, provided that in rendering such advice Counsel shall not disclose any other Party's Protected Material other than in a manner provided for in this Protective Order.

49.     Nothing contained in this Protective Order shall prejudice in any way the rights of any Party to object to the relevancy, privileged status, authenticity, or admissibility into evidence of any document or other information subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, privileged, authentic, or admissible into evidence at any deposition, at trial, or in any court proceeding.

50.     Nothing contained in this Protective Order shall preclude any Party from using or disclosing its own Confidential Information, Highly Confidential Information, or Protected Health Information in any manner it sees fit, without prior consent of any Party or the Court.

51.     If a Receiving Party learns of any unauthorized disclosure of material designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," it shall immediately (1) inform the Designating Party in writing of pertinent facts relating to such disclosure; (2) make reasonable efforts to retrieve all copies of the Protected Information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (4) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

52.     Unless otherwise agreed to or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal of this Litigation.

53.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, or such other time as the Producing Party may agree in writing, the Receiving Party, and any other person or entity in possession of materials designated as "Highly Confidential – Protected Health Information" under this Order, shall destroy all such materials, and shall certify to the Producing Party that it has destroyed all such materials.

54.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal of this Litigation, or such other time as the Producing Party may agree in writing, the Receiving Party shall certify to the Producing Party that it has destroyed or returned all materials designated as "Confidential" or "Highly Confidential" under this Protective Order unless the document has been offered into evidence or filed without restriction as to disclosure.

55.     Notwithstanding the above requirements to return or destroy Protected Information, United States Counsel and Outside Counsel may retain (1) any materials required to be retained by law or ethical rules, (2) their work file and work product, and (3) all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained materials designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" shall continue to be protected under this Protective Order.

### IX.     Changes in Designation of Information

56.     If a Party produces any Investigation or Discovery Material containing Confidential Information, Highly Confidential Information, or Protected Health Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," and should be treated as such in accordance with the provisions of this Protective Order for purposes of this Litigation, and provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. The Receiving Party shall make reasonable efforts to destroy or redesignate materials pursuant to this paragraph, but a Party's failure to destroy or redesignate materials that they maintain for internal use shall not be considered a violation of this Protective Order. The Parties further agree that if materials

produced during the Investigation are designated in accordance with this Protective Order, the designated versions will be used in this Litigation.

57.     <u>Redesignation</u>. Any Producing Party may redesignate or withdraw a designation from any previously designated Investigation and Discovery Material produced in this Litigation. Such redesignation shall be accomplished by the Producing Party giving written notice to the Receiving Party that the document or thing produced is redesignated  "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," and should be treated as such in accordance with the provisions of this Protective Order for purposes of this Litigation, and provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. The Receiving Party shall make reasonable efforts to destroy or redesignate materials pursuant to this paragraph, but a Party's failure to destroy or redesignate materials that they maintain for internal use shall not be considered a violation of this Protective Order. The Parties further agree that if materials produced during the Investigation are designated in accordance with this Protective Order, the designated versions will be used in this Litigation.

58.     <u>Challenging a Designation</u>. A Receiving Party may challenge the confidentiality designation of any Investigation and Discovery Material produced in this Litigation. A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If the Receiving Party believes that portion(s) of a document are not properly designated as "Confidential," "Highly Confidential," or

"Highly Confidential – Protected Health Information," the Receiving Party will identify the specific information that it believes is not properly designated and notify the Designating Party in writing of its good faith belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and respond in writing or in a meet and confer process, within thirty (30) days of notification by the Receiving Party. If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, it shall notify the Designating Party, and the Receiving Party shall have fourteen (14) days from such notification to challenge the designation by commencing a discovery dispute. The ultimate burden of persuasion in any such challenge shall be on the Designating Party as if the Designating Party were seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c) in the first instance. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that a designation is changed by the Designating Party or by Court Order, the Designating Party shall provide replacement media, images, and associated production information as provided above. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

## X.      Inadvertent Production of Documents

59.      <u>Non-Waiver of Privilege</u>. The Parties agree that they do not intend to disclose Privileged Information. If, nevertheless, a Producing Party discloses Privileged Information during the Litigation, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing under Federal Rule of Evidence 502(b) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal, state, or administrative proceeding by that Producing Party. More specifically, the disclosure of Privileged Information, as described above, during the Litigation shall not constitute a subject

matter waiver of the privilege or protection in this or any other federal, state, or administrative proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate. Further, to the extent any privileged documents were inadvertently produced in the Investigation, the provisions of this paragraph apply to those documents. Specifically, such inadvertent production does not constitute a waiver or forfeiture of privilege, and the Producing Party retains the right to claw-back those documents, provided that such claw-back is done in good-faith. This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

60.     <u>Notice of Production of Privileged Information</u>. If a Party discovers that it has inadvertently produced Privileged Information in the Investigation or this Litigation, it shall promptly notify the Receiving Party of the production in writing, shall identify the produced Privileged Information by Bates range where possible, and may demand that the Receiving Party return or destroy the Privileged Information. In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Producing Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Producing Party in writing that the Receiving Party possesses potentially Privileged Information. Following such notification, the Producing Party shall have fourteen (14) days to assert privilege over the identified information. If the Producing Party does not assert a claim of privilege within the fourteen (14) day period, the information in question shall be deemed non-privileged. The Receiving Party shall not be in breach of this Order for any use made of such potentially Privileged Information before the Receiving Party is informed of the inadvertent

production. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

61.     <u>Recall of Privileged Information.</u> If the Producing Party has notified the Receiving Party of production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by the Receiving Party, the Receiving Party shall within fourteen (14) days of receiving such notification or confirmation: (1) take reasonable measures to identify and locate all copies or versions of the produced Privileged Information requested to be returned or destroyed (e.g., by running searches through any electronic databases or folders where produced material is stored and removing all versions of the produced Privileged Information from the databases or folders, including data, image, native, and text files); (2) take reasonable measures to destroy or return to the Producing Party all copies or versions of the produced Privileged Information requested to be returned or destroyed; (3) delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information, and any data or analyses derived from or based on the produced Privileged Information; (4) ensure that produced Privileged Information is not disclosed in any manner to any Party or third party; and (5) confirm in writing that it has destroyed or returned all copies received that were requested to be recalled. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

62.     Nothing in this Order shall preclude a Producing Party from seeking additional assurances or curative measures regarding inadvertently produced privileged or protected materials as needed and proportional to the scope of the inadvertent disclosure.

63.     Within fourteen (14) days of the notification that such Privileged Information has been returned, destroyed, sequestered, or deleted ("Clawed-Back Information"), the Producing

Party shall produce a privilege log with respect to the Clawed-Back Information. Within fourteen (14) days after receiving the Producing Party's privilege log with respect to such Clawed-Back Information, a Receiving Party may notify the Producing Party in writing of an objection to a claim of privilege or work-product protection with respect to the Clawed-Back Information. Within fourteen (14) days of the receipt of such notification, the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disagreement concerning the Producing Party's privilege or work-product claim with respect to such Clawed-Back Information.  The Parties may agree in writing, including via email, to extend the time periods set forth in this paragraph. Nothing in this paragraph or Order alters the Parties' obligations to produce a privilege log for any other materials that are withheld on grounds of privilege, pursuant to Rule 26 of the Federal Rules of Civil Procedure and any other applicable law.

64.    If, for any reason, the Producing Party and Receiving Party (or Parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Receiving Party may request a conference with the Court. The Producing Party bears the burden of establishing the privileged or protected nature of any Privileged Information.

65.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an in-camera review of any Privileged Information.

66.    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

## XI.    Filing and Use of Protected Material

67.    Filing of Protected Material shall be done in accordance with Eastern District of Pennsylvania Local Rule 5.1.3 and 5.1.5.

68.    For any Protected Material that is filed with the Court, the filing Party shall file (a) an unredacted version conditionally under seal, and (b) a redacted version on the public docket that withholds all information the Producing Party asserts is Confidential or Highly Confidential. Within seven days of the conditional filing, the filing Party and the Designating Party shall meet and confer in a good faith effort to narrow or eliminate the materials or information subject to the conditional filing, as needed. Within 14 days of the conditional filing, the Designating Party shall file a motion to seal not to exceed ten pages identifying the specific materials that should remain under seal and the basis for the request to seal the materials and whether the motion is opposed. Any Party opposing the sealing may file a response within five days, also limited to ten pages. The Protected Material that is the subject of the motion to seal shall be treated as "Confidential" or "Highly Confidential" (as designated by the Designating Party) until the Court rules on the motion. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

69.    Protected Material may be used or offered into evidence by any Party (the "Disclosing Party") at any hearing held in open court, provided that (a) prior to the use of any Protected Material at any hearing, counsel for the Disclosing Party shall meet and confer in good faith with the Producing Party to discuss ways to redact the Protected Material so that the Protected Material may be offered or otherwise used by any Party, in accordance with the provisions of the Federal Rules and the Federal Rules of Evidence; and (b) if the Parties are unable to resolve a dispute related to such Protected Material, reasonable advance notice shall be given to permit the Producing Party to request additional protections or relief from the Court.

70.     The use of any Confidential Information, Highly Confidential Information, or Protected Health Information at trial shall be governed by a separate stipulation and/or court order.

**XII.    Confidential Information or Highly Confidential Information Requested by Third Party; Procedure Following Request.**

71.     If any person in receipt of Investigation or Discovery Material covered by this Protective Order (the "Receiver") is served with a subpoena, a request for information (including a *Touhy* request), Congressional request or subpoena, or any other form of legal process from a third-party[4] that purports to compel disclosure of any Confidential Information, Highly Confidential Information, or Protected Health Information covered by this Protective Order ("Request"), the Receiver must so notify the Designating Party, in writing within twenty-one days (21) days after receiving the Request and may not produce any Protected Materials in response to such request until fourteen (14) days after such notice has been provided. Such notification must include a copy of the Request. This paragraph does not apply to Public Disclosure Laws, which are discussed below. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

72.     The Receiver also must, within fourteen (14) days, inform the party who made the Request ("Requesting Party") in writing that some or all the requested material is the subject of this Protective Order. In addition, the Receiver must deliver a copy of this Protective Order promptly to the Requesting Party. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its Confidential Information, Highly Confidential Information, or Protected Health Information. The obligations set forth in this paragraph remain in effect while the Receiver

---

[4] For purposes of the United States, a third-party is considered any person or entity outside of the executive branch of the federal government.

has in its possession, custody, or control Confidential Information, Highly Confidential Information, or Protected Health Information designated by another Party in this Litigation. If the Designating Party seeks a protective order, it shall promptly notify the Receiving Party of its effort to do so, and the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order. The Parties may agree in writing, including via email, to extend the deadlines set forth in this paragraph.

73.     Materials that have been designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information" shall not be provided or disclosed by a Receiving Party to any third party in response to a request under any public records act, including the Freedom of Information Act, 5 U.S.C. § 552, or any similar federal, state, or municipal law (collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to this Protective Order. If a Party to this Litigation receives such a request, it shall (1) provide a copy of this Protective Order to the Requesting Party and inform it that the requested materials are exempt from disclosure and that the Party is barred by this Protective Order from disclosing them, and (2) promptly inform the Designating Party that has produced the requested material that the request has been made, identifying the name of the Requesting Party and the particular materials sought. If the Designating Party seeks a protective order, the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order. The provisions of this section shall apply to any entity in receipt of Confidential Information, Highly Confidential Information, or Highly Confidential – Protected Health Information, governed by this Protective Order.

74.     Nothing in this Protective Order shall be deemed to (1) foreclose any Party from arguing that Investigation or Discovery Material is not a public record for purposes of the Public

Disclosure Laws; (2) prevent any Party from claiming any applicable exemption to the Public

Disclosure Laws; or (3) limit any arguments that a Party may make as to why Investigation or

Discovery Material is exempt from disclosure.

### XIII.   Information Subject to Existing Obligation of Confidentiality Independent of this Protective Order.

75.     In the event that a Party is required by a valid discovery request to produce any

information held by it subject to a contractual or legal obligation of confidentiality in favor of a

third party, the Party shall, promptly upon recognizing that such third party's rights are implicated,

provide the third party with a copy of this Protective Order and (1) inform the third party in writing

of the Party's obligation to produce such information in connection with this Litigation and of its

intention to do so, subject to the protections of this Protective Order; (2) inform the third party in

writing of the third party's right within fourteen (14) days to seek further protection or other relief

from the Court if, in good faith, it believes such information to be confidential under the said

obligation and either objects to the Party's production of such information or regards the provisions

of this Protective Order to be inadequate; and (3) seek the third party's consent to such disclosure

if that third party does not plan to object. Thereafter, the Party shall refrain from producing such

information for a period of fourteen (14) days in order to permit the third party an opportunity to

seek relief from the Court, unless the third party earlier consents to disclosure. If the third party

fails to seek such relief, the Party shall promptly produce the information in question subject to

the protections of this Protective Order, or alternatively, shall promptly seek to be relieved of this

obligation or for clarification of this obligation by the Court. This paragraph does not apply to

Protected Health Information, which is authorized to be disclosed by a Producing Party without

notice by the relevant statutes and the terms of this Order. The Parties may agree in writing,

including via email, to extend the deadlines set forth in this paragraph.

## XIV.   Miscellaneous Provisions

76.    Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

77.    Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

78.    In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective Order, and in the event the Producing Party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the Producing Party possesses an adequate remedy at law.

79.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Investigation or Discovery Material.

80.    This Protective Order may be amended by agreement of the Parties in the form of a written stipulation filed with the Court. The Protective Order shall continue in force without amendment until the amended version is entered by express order of the Court. The Protective Order shall survive and remain in effect after the termination of this Litigation.

81.    This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as "Confidential," "Highly Confidential," or "Highly Confidential – Protected Health Information," by counsel or the Parties

is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

82.     The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

Dated: February 5, 2024                          So stipulated,

**FOR THE UNITED STATES OF AMERICA:**          **FOR DEFENDANTS:**

BRIAN M. BOYNTON                               */s Robert A. Nicholas*
Principal Deputy Assistant Attorney            Robert A. Nicholas
General, Civil Division                        Joseph J. Mahady
                                               Thomas H. Suddath, Jr.
ARUN G. RAO                                    Anne Rollins Bohnet
Deputy Assistant Attorney General             Abigail M. Pierce
Consumer Protection Branch                     REED SMITH LLP
                                               1717 Arch Street, Suite 3100
AMANDA N. LISKAMM                              Philadelphia, PA 19103
Director                                       rnicholas@reedsmith.com
                                               jmahady@reedsmith.com
ANTHONY NARDOZZI                               tsuddath@reedsmith.com
Assistant Director                             abohnet@reedsmith.com
                                               abigail.pierce@reedsmith.com
*/s Amy L. DeLine*                             215-851-8100
MICHAEL J. WADDEN
AMY L. DELINE                                  Meredith S. Auten
DEBORAH S. SOHN                                MORGAN, LEWIS & BOCKIUS LLP
ROWAN L. REID                                  1701 Market Street
COLEEN SCHOCH                                  Philadelphia, PA 19103
Trial Attorneys                                215-963-5000
U.S. Department of Justice                     meredith.auten@morganlewis.com
Civil Division
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
michael.j.wadden@usdoj.gov
amy.l.deline@usdoj.gov
deborah.s.sohn@usdoj.gov
rowan.l.reid@usdoj.gov
coleen.schoch@usdoj.gov
202-305-7133

PHILIP R. SELLINGER
United States Attorney for the
District of New Jersey

JORDANN R. CONABOY
ROBERT L. TOLL
Special Attorneys to the Attorney General
970 Broad Street, 7th Floor
Newark, NJ 07102
jordann.conaboy@usdoj.gov
robert.toll@usdoj.gov
973-645-3883

JACQUELINE C. ROMERO
United States Attorney for the
Eastern District of Pennsylvania

ANTHONY D. SCICCHITANO
LANDON Y. JONES III
Assistant U.S. Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
anthony.scicchitano@usdoj.gov
landon.jones@usdoj.gov
215-861-8200

COLE FINEGAN
United States Attorney for the
District of Colorado

AMANDA A. ROCQUE
DAVID MOSKOWITZ
Special Attorneys to the Attorney General
1801 California Street, Suite 1600
Denver, CO 80202
amanda.rocque@usdoj.gov
david.moskowitz@usdoj.gov
303-454-0100

BREON PEACE
United States Attorney for the
Eastern District of New York

ELLIOT M. SCHACHNER
DIANE C. LEONARDO

Special Attorneys to the Attorney General
271 Cadman Plaza East
Brooklyn, NY 11201
elliot.schachner@usdoj.gov
diane.beckmann@usdoj.gov
 718-254-7000


The foregoing Protective Order is hereby APPROVED AND SO ORDERED on this

_____ day of _____, 2024.


_____
The Honorable Gerald J. Pappert
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,      )
                                      )
        Plaintiff,             )
                                      )
      v.                     )   Civ. A. No. 22-5209
                                      )
AMERISOURCEBERGEN CORPORATION; )
AMERISOURCEBERGEN DRUG        )
CORPORATION; and INTEGRATED    )
COMMERCIALIZATION SOLUTIONS,  )
LLC,,

        Defendants.

**EXHIBIT A TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania on _____, 2022 in *United States of America v. AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, and Integrated Commercialization Solutions, LLC*, Civ. A. No. 22-5209 (E.D. Pa.) (the "Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____